UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RICKY OUTLAW,** | ) |
|     **Plaintiff,** | ) |
| v. | )    No. 3:04 CV 580 |
| **GEORGE PAYNE,** *et al.*, | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Ricky Outlaw submitted a complaint under 42 U.S.C. § 1983, alleging that Maximum Control Facility ("MCF") officials George Payne and Ernestine Cole violated his federally protected rights. The court screened the plaintiff's complaint pursuant to 28 U.S.C. § 1915A, dismissed several claims, and allowed him to proceed only on his claim that the defendants confiscated his personal property in retaliation for his having written letters and grievances complaining about conditions at the MCF. The defendants have moved for summary judgment pursuant to FED.R.CIV.P. 56; Mr. Outlaw has not responded.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Mr. Outlaw alleges that the defendants confiscated his personal property in retaliation for having complained about conditions at the Maximum Control Facility. In her declaration, defendant Cole states that she and another officer inventoried Mr. Outlaw's property prior to his transfer from the MCF to the Indiana State Prison. They found Mr. Outlaw had items of property he did not bring with him to the MCF and which he did not purchase from the commissary at the MCF. Indeed, Mr. Outlaw never had any money on his account while he was at the MCF, and made no purchases from the commissary while he was there. It is against Indiana Department of Correction rules for a prisoner to obtain property directly from another prisoner—property a prisoner obtains from another prisoner is considered contraband. The defendants state in their declarations that they confiscated Mr. Outlaw's property for the sole reason that it appeared to be contraband. The defendants gave Mr. Outlaw an opportunity to establish that he had properly obtained this property, but he did not do so.

To establish a retaliation claim, Mr. Outlaw must establish first, that he engaged in a constitutionally protected activity and second, that engaging in that activity was a substantial or motivating fact in the defendants' actions against him. *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274 (1977); *Brookings v. Kolb*, 990 F.2d 308, 315 (7th Cir. 1993). Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989); *Dixon v. Brown*, 38 F.2d 379 (8th Cir. 1994). To state a claim for retaliatory

2

treatment, a complaint need only allege a chronology of events from which retaliation may be inferred. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999) (quoting *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). If the defendants establish that a legitimate reason existed for their actions and they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. *Doyle*, 429 U.S. at 575.

Because the defendants met their initial obligation under FED.R.CIV.P. 56, by submitting evidence establishing the existence of a legitimate reason for their actions and that they would have confiscated the plaintiff's contraband regardless of whether he engaged in the protected activity, the burden fell upon Mr. Outlaw to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide the case in his favor. *Celotex Corp.*, 477 U.S. 317. Because he did not respond to the summary judgment motion, Mr. Outlaw has not met the requirement that he show the reason given for the allegedly retaliatory act is pretextual.

For the foregoing reasons, the court **GRANTS** the defendants' motion for summary judgment (docket # 43) and **DIRECTS** the clerk to enter judgment in favor of the defendants and against the plaintiff.

                                       **SO ORDERED.**

**Enter**: September 19, 2005

                                                  s/James T. Moody
                                                JUDGE JAMES T. MOODY
                                                UNITED STATES DISTRICT COURT